UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT M. THOMPSON, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 3:24-CV-05032-MDH<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court are the following motions: Defendant Thompson's *pro se* Motion to dismiss for lack of jurisdiction (Doc. 14); Defendants' *pro se* motion to strike complaint (Doc. 19); Defendant's *pro se* motion to dismiss for insufficient process (Doc. 20); Defendant's *pro se* motion to dismiss for insufficient process (Doc. 21); Defendant Thompson's *pro se* motion to dismiss for lack of personal jurisdiction (Doc. 22); and Defendant's *pro se* motion to stay MAPN, Rule 16 and Rule 26 deadlines (Doc. 23). Plaintiff has filed a motion to strike Defendant's excessive pro se motions – documents 19, 20, 21, and 22 (Doc. 25) and a motion for leave to amend the complaint and summons. (Doc. 28). The Court has reviewed the record before it and rules as follows:

On May 3, 2024, Plaintiff, the United States Securities and Exchange Commission ("SEC") filed a Complaint against Robert M. Thompson through the alter-ego entity he owns and controls, the Financial Freedom Foundation, d/b/a F3 Mastermind ("F3 Mastermind") alleging violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; violations of Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)]; violations of Section 17(a)(1) of the Securities Act [15

1

U.S.C. § 77q(a)(1)]; violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §§ 77q(a)(2) and (3)]; violations of Section 206(1) of the Advisers Act [15 U.S.C. § 80b-6(1)]; and violations of Section 206(2) of the Advisers Act [15 U.S.C. § 80b-6(2)].

The complaint alleges this Court has jurisdiction pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)], Section 27 of the Exchange Act [15 U.S.C. § 78aa], and Sections 209(d), 209(e), and 214 of the Advisers Act [15 U.S.C. §§ 80b-9(d), 80b-9(e), and 80b-14]. The complaint further states venue is proper in this Court pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)], Section 27 of the Exchange Act [15 U.S.C. § 78aa], and Section 214 of the Advisers Act [15 U.S.C. § 80b-14] and alleges defendant Thompson resides in this district, transacts business in this district, and many of the acts, practices, and courses of business constituting the violations alleged herein occurred within this district. Finally, Plaintiff states three of the victims of Defendants' securities law violations reside in this district.

First, Defendant Thompson has filed motions to dismiss for lack of subject matter jurisdiction and personal jurisdiction. (Docs. 14 and 22). Defendant argues that the complaint consists of conclusory allegations that lack specifics to claim subject matter jurisdiction. The Court has reviewed the Complaint and finds that Plaintiff has alleged a basis for jurisdiction over this SEC enforcement action. Defendant's arguments regarding the basis or validity of the enforcement are not proper challenges to subject matter jurisdiction. As Plaintiff states, "The Supreme Court has made clear that district courts possess subject matter jurisdiction to adjudicate the merits of federal securities fraud claims such as those the SEC brings here." *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254 and n.3 (2010). The federal securities laws thus provide a "broad grant of authority to the SEC to bring an action for any violation of the securities laws." See *SEC v. Morgan Keegan & Co. Inc.*, 678 F.3d 1233, 1249 (11th Cir. 2012).

In addition, Plaintiff also cites to numerous cases recognizing that "[t]he Securities Exchange Act permits the exercise of personal jurisdiction to the limits of the Due Process Clause of the Fifth Amendment." See e.g., *SEC v. Knowles*, 87 F.3d 413, 417 (10th Cir. 1996); *SEC v. Unifund SAL*, 910 F.2d 1028, 1033 (2d Cir. 1990). Under the Due Process Clause, personal jurisdiction over a party exists if that party has sufficient "minimum contacts" with the jurisdiction. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Where the district court's jurisdiction is predicated on a federal statute authorizing nationwide service of process, the personal jurisdiction analysis is predicated on the defendant's "minimum contacts" with the United States as a whole. See, e.g., *Thieret Family, LLC v. Brown*, 2021 WL 3363275 at *5-*6 (E.D. Mo. Aug. 3, 2021) (holding that Exchange Act provided for nationwide service of process, and, therefore, the Court had personal jurisdiction over Exchange Act claims against defendants located in the United States).

Here, for the reasons set forth in Plaintiff's opposition, the Court finds no basis to dismiss for lack of subject matter jurisdiction or personal jurisdiction. Further, Defendant's argument that the SEC should have named "The Financial Freedom Foundation" as opposed to "Financial Freedom Foundation" is not a basis to dismiss the complaint. However, the SEC has filed a motion to amend the complaint to add the word "The" before the name of that defendant. Plaintiff's Motion to Amend the Complaint and summons is **GRANTED**. (Doc. 28). The amendment shall relate back to the date of the filing of this enforcement action and this amendment will moot any challenge based on the alleged name of Defendant being incorrect.

Defendant Thompson has also filed a Motion to Strike for Sham Pleading. (Doc. 19). The SEC has filed a complaint that alleges securities fraud. While Defendant may dispute the allegations raised by Plaintiff, his opposition in no way constitutes a finding that Plaintiff filed a

3

"sham pleading." Defendant's arguments regarding the involvement, or non-involvement, of other entities is not a basis to strike the complaint.

Defendant's motion was filed pursuant to Fed. R. Civ. P. 12(f) that states in pertinent part that "[u]pon motion made by a party ... or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Eighth Circuit has held that "striking a party's pleadings is an extreme measure," and, as a result, motions to strike under Rule 12(f) are "viewed with disfavor and are infrequently granted." See *Stansbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (citing *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)). The Court finds no basis to Strike the Complaint and this motion is **DENIED**. (Doc. 19).

Defendant Thompson also moves to dismiss for insufficient service of process. (Docs. 20 and 21). On May 8, 2024, the Court issued summonses for Defendants. On May 29, 2024, the SEC filed an executed return of service with respect to Thompson. (Doc. 5). In the return of service, a private process server stated -- under oath and under penalty of perjury -- that on May 27, 2024, at about 10:20 a.m., he personally served Thompson with the Complaint and summons at 395 Woodpecker Road in Reeds Spring, Missouri.

Defendant argues that he was never notified of a request to waive service and that a service agent improperly attempted to serve process. However, Defendant first filed a motion to dismiss and did not assert any claims of insufficient process or service of process. As a result, Thompson has permanently waived any challenges of insufficient process or insufficient service of process. See *Hammer & Steel, Inc., v. MiEnergy, Inc.*, 2023 WL 8272262 at *1-*2 (E.D. Mo. Nov. 30, 2023).

Further, even if service wasn't waived, Thompson has failed to allege any defects in the

summons and Plaintiff has filed a valid sworn return of service executed by a process server. Thompson's arguments do not meet the requirement to rebut the valid service filed by Plaintiff. For the reasons set forth in Plaintiff's opposition, Defendant's motions are **DENIED**. (Docs. 20 and 21).

The SEC has filed a motion to strike or summarily deny successive motions (Docs. 19-22) filed in violation of Fed. R. Civ. P. 12(g)(2). Based on the Court's rulings set forth herein the Court **DENIES** this motion as moot. (Doc. 25).

Finally, Defendant's *pro se* motion to stay MAPN, Rule 16 and Rule 26 deadlines is **DENIED**. (Doc. 23).

Plaintiff shall file its amended complaint within 5 days of the date of this Order. Plaintiff shall provide the Clerk of the Court with the appropriate completed summons and copies of Plaintiff's Amended Complaint with the appropriate information for a summons to the Defendant.

**IT IS SO ORDERED**.

Date: November 7, 2024

                                                *s/ Douglas Harpool*
                                                DOUGLAS HARPOOL
                                                UNITED STATES DISTRICT JUDGE